Douglas W. Robinson (SBN: 255909)
Gabriel S. Spooner (SBN: 263010)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949.475.1500
Facsimile: 949.475.0016
dwrobinson@shb.com
gspooner@shb.com

Attorneys for Plaintiff Bausch & Lomb Inc.

Joseph R. Wilbert (SBN: )
WILBERT & WILBERT L.L.P.
Jamboree Center
2 Park Plaza, Suite 820
Irvine, California 92614
Telephone: 714.545.3500
Facsimile: 714.242.1544
jwilbert@wilbertandwilbert.com

Attorney for Defendant Fusion Consulting Group, Inc.

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FUSION CONSULTING GROUP, INC. and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: 8:13-cv-00776-CJC-JPR<br><br>Judge: Hon. Cormac J. Carney<br>Dept.: 9B<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge: Jean P. Rosenbluth<br>Dept.: A - 8th Floor<br><br>Complaint filed: May 15, 2013<br>Trial date: March 31, 2015 |

## 1. PURPOSES AND LIMITATIONS

Discovery activity in this action may involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure or use for any purpose other than prosecuting this

litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  U. S. District Court for the Central District of California Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1    "Challenging Party":  A party or non-party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" shall mean documents, testimony, information or other things that the Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any third-party documents, testimony or information or other things that the third party currently maintains as confidential, seeks to maintain as confidential for purposes of the above-captioned action, and the disclosure of which may have the effect of causing harm to the third-party person, firm, partnership, corporation or organization from which the documents, testimony or information was obtained. "CONFIDENTIAL" Information may consist of, without limitation, (1) testimony given in this Action by any Party (as defined below) or by any third party (whether oral, in writing, or via videotape); (2) documents produced in this action by any party or by any third party; (3) written discovery responses given by any Party; (4) any

1 documents or pleadings filed with the Court which attach, contain or disclose any
2 such "CONFIDENTIAL" Information; and (5) the information contained within such
3 documents, testimony or discovery responses so properly designated.

4     2.3    "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall be
5 limited to such documents, testimony, information or other things that the Designating
6 Party believes, in good faith, contain information the disclosure of which to other
7 parties in this litigation is likely to cause substantial harm to the competitive position
8 of the Designating Party.  None of the restrictions set forth in this Stipulated
9 Protective Order shall apply to any documents or other information that are or become
10 public knowledge by means not in violation of the provisions of this Stipulated
11 Protective Order, or any law or statute.

12     2.4    "Designating Party":  A party or non-party that designates information or
13 items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES
14 ONLY."

15     2.5    "Discovery Material":  All items or information, regardless of the
16 medium or manner in which it is generated, stored, or maintained (including, among
17 other things, testimony, transcripts, and tangible things), that are produced or
18 generated in responses to discovery in this matter.

19     2.6    "Expert":  a person with specialized knowledge or experience in a matter
20 pertinent to the litigation who (1) has been retained by a Named Party (as defined
21 below) or its counsel to serve as an expert witness or as a consultant in this action,
22 (2) is not a current employee of a competitor of a Named Party, and (3) at the time of
23 retention, is not anticipated to become an employee of a competitor of a Named Party.

24     2.7    "Named Party":  Bausch & Lomb, Inc., Fusion Consulting Group, Inc., or
25 any one or more of them.

26     2.8    "Non-Party":  any natural person, partnership, corporation, association, or
27 other legal entity not named as a party to this action.

28

2.9 "Outside Counsel": attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action, along with such attorneys' support staff.

2.10 "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.11 "Producing Party": a Party or Non-Party that produces Discovery Material in this action.

2.12 "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 "Protected Material": any Discovery Material or other Confidential Information that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY".

2.14 "Receiving Party": a Party that receives Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover all Protected Material (as defined above), and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part

of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Designating Material for Protection.  Parties and Non-Parties may designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the material meets the requirements listed in Sections 2.2 and 2.3, above.

5.2    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass,

indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.3 Any Party May Designate Information Produced by Other Party. Any party may designate information or documents disclosed by another party or non-party in response to written discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Order by so indicating in writing within 21 days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated. The parties shall treat all documents and written discovery responses received as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" until 21 days after receipt of the documents or discovery responses.

   5.4 Manner and Timing of Designations. Discovery Material that qualifies for protection under this Order must be clearly so designated. Designation in conformity with this Order requires: (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by making appropriate markings in the margins or by some other method that clearly designates such portions as Protected material.

5.5    Failure to Designate is Not Waiver.  An inadvertent failure to designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" using the procedures described above shall not operate to waive a party's or non-party's right to later so designate such material.  Once such designation is made by written notice, Counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" in accordance with this Order.  In the event that there is an interval between the written notice and the provision of new copies of properly marked materials, all parties who received the material at issue shall treat those documents identified in the written notice according to their new designations until such time as the properly marked materials are received.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation at any time.  Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

6.2    Meet and Confer.  To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and the Named Parties with written notice of each designation at issue which describes the basis for each challenge.  Within 7 days of receipt of said notice, the Designating Party shall provide the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation to the Challenging Parties and the Named Parties.  The parties shall attempt to resolve each challenge in good faith by conferring directly (in voice to voice dialogue; other forms of

1  communication are not sufficient) within 10 days of the date of service of notice, as
2  required by Local Rule 37-1.  A Challenging Party may proceed to the next stage of
3  the challenge process only if it has engaged in this meet and confer process first or
4  establishes that the Designating Party is unwilling to do so in a timely manner.

5        6.3  Judicial Intervention.  If the Parties cannot resolve a challenge without
6  court intervention, the Designating Party shall file and serve a motion for a protective
7  order to retain confidentiality, pursuant to F.R.C.P. Rule 37, within 21 days of the
8  initial notice of challenge or within 14 days of the parties agreeing that the meet and
9  confer process will not resolve their dispute, whichever is earlier.  Each such motion
10 must be accompanied by a competent declaration affirming that the movant has
11 complied with the meet and confer requirements imposed in the preceding paragraph
12 and under Local Rule 37-1.  Failure by the Designating Party to make such a motion
13 including the required declaration within 21 days (or 14 days, if applicable) shall
14 automatically waive the confidentiality designation for each challenged designation.
15 In addition, the Challenging Party may file a motion challenging a confidentiality
16 designation at any time if there is good cause for doing so, including a challenge to the
17 designation of a deposition transcript or any portions thereof.  Any motion brought
18 pursuant to this provision must be accompanied by a competent declaration affirming
19 that the movant has complied with the meet and confer requirements imposed by the
20 preceding paragraph.

21     The burden of persuasion in any such challenge proceeding shall be on the
22 Designating Party.  Frivolous assertions of confidentiality and/or challenges, and
23 those made for an improper purpose (e.g., to harass or impose unnecessary expenses
24 and burdens on other parties) may expose the Designating Party or the Challenging
25 Party, as the case may be, to sanctions.  Unless the Designating Party has waived the
26 confidentiality designation by failing to file a motion to retain confidentiality as

27
28

described above, all parties shall continue to afford the material in question the confidentiality requested until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2   Disclosure of CONFIDENTIAL Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to the following persons.  All, except for those under subsections (d) and (e) below, must receive a copy of this Order and agree to be bound by its terms:

(a)   the Receiving Party's insurers and Outside Counsel in this action, as well as Outside Counsel's employees to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)   the court and its personnel;

(e)   court reporters and videographers and their staff;

(f)   professional jury or trial consultants, and professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g)   witnesses in deposition to whom disclosure is reasonably necessary for this litigation.  Deposition transcript pages that reflect Protected Material must be

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   7.3  Disclosure of HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to the following persons.  All, except for those under subsections (c) and (d) below, must receive a copy of this Order and agree to be bound by its terms:

   (a)  the Receiving Party's Outside Counsel in this action, as well as Outside Counsel's employees to whom it is reasonably necessary to disclose the information for this litigation.

   (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   (c)  the court and its personnel;

   (d)  court reporters and videographers and their staff;

   (e)  professional jury or trial consultants, and professional Vendors to whom disclosure is reasonably necessary for this litigation;

   (f)  witnesses in deposition to whom disclosure is reasonably necessary for this litigation.  Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material that Party must:

   (a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court that the Protected Materials must be produced. The Designating Party shall bear the burden and expense of seeking protection, and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

## 9. PROTECTED MATERIAL FROM A NON-PARTY

(a) The terms of this Order and the available remedies and relief set forth herein are applicable to Protected Material of a Non-Party.

(b) In the event a party is required to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce that Confidential Information, then the Party shall:

1. promptly notify the Requesting Party and the Non-Party in writing of this issue;

2. promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-party.

(c) If the Non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, then the

11

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.:  8:13-CV-00776-CJC-JPR

225287 v1

Responding Party may produce the Non-Party's Confidential Information responsive to the discovery request.

    (d)    A Non-Party from which discovery is sought may obtain the protection afforded by the Order, and shall be informed of same by the Requesting Party at the time the discovery request is made upon said Non-Party.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized herein, it must immediately: (a) notify the Designating Party in writing what was disclosed and to whom; (b) use it best efforts to retrieve all Protected Materials improperly disseminated, including all copies; (c) inform the person(s) to whom such unauthorized disclosures were made of all of the terms of this Order, and (d) request such person(s) to execute the "Acknowledgment and Agreement to be Bound" attached as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The inadvertent disclosure of a document that a Producing Party believes is subject to privilege or work product protection shall not constitute a waiver or estoppel of any such privilege or protection.  In the event of such inadvertent disclosure, the producing party may provide written notice of same and request that all copies of any such documents be returned, whereupon the Receiving Party shall return all copies of such documents, delete them from its files, destroy all notes or other work product that reflect them, and shall not use the documents in any way.  The written notice shall include a privilege log for each document for which privilege or work product is claimed.  The Receiving Party may challenge this privilege designation by noticed motion under Local Rule 37.

## 12. FILING PROTECTED MATERIAL IN COURT

12.1 Filing Protected Materials. In connection with all legal proceedings (including discovery proceedings before the court) as to which a party submits Protected Material to the court, that party shall file a written application to file under seal pursuant to U. S. District Court for the Central District of California Local Rules 79-5 and submit the Protected Material to the court in accordance with Local Rule 79-5 and the Court's Practices and Schedules.

12.2 This Order does not govern the treatment of Protected Material at trial, which shall be raised by the parties but separately addressed by the Court.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in the Order abridges the right of any person to seek its modification by the court in the future.

13.2 Right to Assert Other objections. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.2 No disqualification. Nothing in this Protective Order shall operate to require disqualification of counsel in any later proceedings.

## 14. FINAL DISPOSITION

Following the final disposition of this action, each Receiving Party may retain file, storage or archive copies of Protected Material only subject to and in accordance with the provisions of this Protective Order. Each Receiving Party must take reasonable steps to collect any additional copies of Protected Material and either destroy or return such copies to the Producing Party.

///

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: October 22, 2014  WILBERT & WILBERT L.L.P.

By: /s/ Joseph R. Wilbert
Joseph R. Wilbert
Attorney for Defendant Fusion Consulting Group, Inc.

Dated: October 22, 2014  SHOOK, HARDY & BACON L.L.P.

By: /s/ Gabriel S. Spooner
Douglas W. Robinson
Gabriel S. Spooner
Attorneys for Plaintiff Bausch & Lomb Inc.

Dated: October 23, 2014

_____
Jean Rosenbluth
United States Magistrate Judge

14

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO.: 8:13-CV-00776-CJC-JPR

225287 v1